## CURCIO v. MARX et al.

(Supreme Court, Appellate Term.   January 21, 1910.)

1. SHERIFFS AND CONSTABLES (§ 188*) — EXECUTION — WRONGFUL LEVY—EVI-
      DENCE.
      In an action against a city marshal to recover the value of merchandise,
      etc., taken under an execution, evidence *held* insufficient to show that
      plaintiff was the owner of the property.
      [Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. §
      138.*]

2. SHERIFFS AND CONSTABLES (§ 128*)—WRONGFUL LEVY OF EXECUTION.
      Where a justice determines that the goods sold on execution were the
      property of the judgment debtor, the marshal is not liable for conversion
      simply because a third person claims them.
      [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §
      260 ; Dec. Dig. § 128.*]
      Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Rosina Curcio against Joel L. Marx and another.   Judg-
ment for defendants, and plaintiff appeals.   Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Simon O. Pollock, for appellant.
Baker & Hyman, for respondents.

LEHMAN, J.   After the judgment debtor was dispossessed for
nonpayment of rent, a new bakery was opened in other premises un-
der the maiden name of the plaintiff, his wife.   The sole question in
this case is whether the stock in the new bakery belonged to the judg-
ment debtor or his wife.   The plaintiff claims that she bought the
business from one Spinelli about March 15, 1909, and produces in
evidence a bill of sale properly acknowledged by Spinelli; but the
bill of sale, while dated at the time of the alleged sale, is acknowl-
edged after the levy was made.   In view of this fact, the plaintiff's
failure to call Spinelli, although he was in court and apparently friendly
to her, is very significant.   She did call a flour dealer, who testified
that he sold flour to plaintiff and billed all goods in her name, because
Spinelli told him at the time of the alleged sale that she was the
purchaser.   This testimony is not to my mind in any way controlling.
It does not follow that the goods belonged to the plaintiff because they
were billed to her.   Moreover, this flour was sold "on time," and the
witness is perhaps not wholly disinterested in his testimony.

Against this testimony we have the statement of the defendant and
of two witnesses, neither of them, however, disinterested, that the
plaintiff acknowledged at the time of the levy that her husband was
the owner of the bakery.   This testimony is contradicted by the plain-
tiff, and she seeks to corroborate her testimony by showing that de-
fendant received a bond of indemnity from the judgment creditor,
which recites that "the goods which appear to belong to Joseph Cam-
pagnaro are claimed by another person or persons."   It seems to me

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
      120 N.Y.S.—46

that this bond has little materiality. Where a marshal levies upon property in a store which bears a different name from that of the judgment debtor, he might well demand a bond of indemnity. It seems to me that under these circumstances and after seeing the parties the trial justice might well conclude that the property belonged, not to the plaintiff, but to the judgment debtor. It is perfectly true that a marshal is not a judicial officer, and has no right to determine conflicting claims. When he does so, it is at his own peril; but where, upon the trial, the justice determines that the goods were the property of the judgment debtor, the marshal is not liable for conversion simply because a third party claims them.

The judgment should be affirmed, with costs.

GIEGERICH, J., concurs.

DAYTON, J. (dissenting). Plaintiff, wife of Joseph Campagnaro, brings this action against the defendant, a city marshal, to recover $133.97, the value of merchandise and cash taken by virtue of a levy under an execution issued May 5, 1909, for the collection of a judgment obtained by Joel M. Marx against her husband. Defendant had judgment.

Plaintiff testified that on March 15, 1909, she bought from Mr. Spinelli for $175 the bakery business at No. 322 East 113th street, and corroborates this by Spinelli's bill of sale to her of that date, including a horse and wagon. Mr. Eckstein testified that from March 15, 1909, he sold plaintiff flour, made out bills to her (in evidence), and was paid by her. The last bill rendered was May 1, 1909. She says that, when the marshal made the levy May 5th, she told him she owned the business and showed the bill of sale, but that she was treated roughly. The next day the marshal took the goods, which were sold for about $50, and about $28 were returned upon the execution; Mr. Marx having on May 6th indemnified the marshal in a bond for $250, without sureties. The value of the sacks of flour taken was about $100, besides $9.62 in cash. Campagnaro had a bakery business at 443 East 116th street, from which premises he was dispossessed for nonpayment of rent prior to March 15, 1909, and thereafter obtained employment as a journeyman baker. Defendant and his witnesses testified that plaintiff said that Campagnaro was the owner and proprietor of 322 East 113th street, that she did not show any bill of sale, whereupon he made the levy. Plaintiff specifically denied making such statements.

Stress is laid by defendant that plaintiff took the bill of sale in her maiden name, and that it was not acknowledged by Spinelli until May 5th, though dated March 15th; but the document stands otherwise unimpeached. Spinelli was in court, and, though not called by plaintiff, he could have been called by defendant to contradict plaintiff as to the time of and consideration for the transaction. At all events, corroborated as she was by the bill of sale and the testimony of Eckstein, the testimony of the defense that she said her husband was the owner is overborne, and it was not for the defendant to determine that the bill of sale was fraudulent and that her husband

was the owner, no matter if her title stood in her maiden name. The judgment creditor of Campagnaro had remedies well known to the law to obtain an adjudication on proper proofs that Campagnaro, and not plaintiff, owned the property. The execution was issued out of the Municipal Court, whereby the marshal was directed to collect "out of the property of the judgment debtor" (Campagnaro). It is significant, and in further corroboration of plaintiff's testimony, that the bond of indemnity recites that the "goods which appear to belong to Joseph Campagnaro are claimed by another person or persons." On the facts, defendant's assumption of the functions of court and jury in deciding that plaintiff's claim to the flour and cash found in the business conducted by her was wholly a pretense cannot be upheld.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.